UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MURRAY PAVING & RECLAMATION, INC.,

Plaintiff,

v.

INGERSOLL-RAND EQUIPMENT & SERVICES COMPANY and INGERSOLL-RAND COMPANY,

Defendants.

MAGISTRATE JUDGE _____
CIVIL ACTION No.
04 10328 GAO

RECEIPT # _____
AMOUNT $ 150 —
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 2-17-04

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, defendants Ingersoll-Rand Company ("Ingersoll-Rand) and Ingersoll-Rand Equipment & Services Company ("Ingersoll-Rand Equipment") file this Notice of Removal and state:

1. Ingersoll-Rand and Ingersoll-Rand Equipment are defendants in an action commenced against them by the plaintiff pending in the Superior Court of the Commonwealth of Massachusetts for Middlesex County, captioned <u>Murray Paving & Reclamation, Inc. v. Ingersoll-Rand Equipment & Services Company and Ingersoll-Rand Company</u>, Civil Action No. 04-0172 (the "state action"). True copies of all process, pleadings and orders served on Ingersoll-Rand equipment and Ingersoll-Rand in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2. In its complaint, plaintiff alleges that it is a Massachusetts corporation with a usual place of business in Framingham, Massachusetts, and that Ingersoll-Rand is a New Jersey corporation with a usual place of business in New Jersey. The complaint alleges that defendant Ingersoll-Rand Equipment & Services Company is a "trade name used by Ingersoll-Rand Company," which maintains a usual place of business in Southborough Massachusetts. A trade

name cannot have a usual place of business. The entity which plaintiff served in Massachusetts is simply a business location of Ingersoll-Rand doing business as Ingersoll-Rand Equipment & Services Company. As such, Ingersoll-Rand Equipment & Services Company is not a legal entity, and the only proper defendant is Ingersoll-Rand Company. Further, the sales order which is the subject of the state action, and which is attached to the complaint, clearly states that "[t]he terms and conditions of Sale outlined herein shall apply to Ingersoll-Rand Company." Woodcliff Lake, New Jersey, and not Southborough, Massachusetts, is Ingersoll-Rand's usual or principal place of business. Therefore, complete diversity, as established by the allegations in the complaint, and as established by Ingersoll-Rand's actual citizenship of New Jersey, still exists.

3. Plaintiff claims damages in excess of $248,775. Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Ingersoll-Rand Equipment was served with a summons and a copy of the complaint on January 20, 2004. Ingersoll-Rand was served on February 2, 2004. Consequently, this notice is timely under 28 U.S.C. §1446(b).

6. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court by Ingersoll-Rand and Ingersoll-Rand Equipment.

>INGERSOLL-RAND COMPANY AND
>INGERSOLL-RAND EQUIPMENT & SERVICES
>COMPANY
>
>By their attorneys,
>
>_/s/ Carter D. Morse_
>Steven W. Phillips (BBO # 398680)
>Carter D. Morse (BBO # 636645)
>FOLEY HOAG LLP
>155 Seaport Boulevard
>Boston, MA 02110
>(617) 832-1000

Dated: February 17, 2004

## Certificate of Service

I certify that on February 17, 2004, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by hand to its counsel of record: Peter F. Davis, 15 Broad Street, Suite 512, Boston, Massachusetts 02109.

_/s/ Carter D. Morse_
Carter D. Morse

FHBoston/1009452.2