UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MURRAY PAVING & RECLAMATION, INC.,

Plaintiff,

v.

INGERSOLL-RAND EQUIPMENT & SERVICES COMPANY and INGERSOLL-RAND COMPANY,

Defendants.

CIVIL ACTION No. 04-cv-10328-GAO

## ANSWER OF INGERSOLL-RAND COMPANY

Defendant Ingersoll-Rand Company ("Ingersoll-Rand") in the above-captioned action hereby answers the allegations contained in the numbered Paragraphs of the Complaint of Plaintiff Murray Paving & Reclamation, Inc. ("Murray").

As an initial matter, Ingersoll-Rand states that Ingersoll-Rand Equipment & Services Company ("IRESC") is not a legal entity and has no capacity to be sued pursuant to Federal Rules of Civil Procedure 9 and 17. Instead, Ingersoll-Rand does business as IRESC to distribute various Ingersoll-Rand products. Accordingly, Ingersoll-Rand hereby objects to Plaintiff's naming of IRESC as a defendant and any allegation by Plaintiff that IRESC is a legal entity or person responsible for the alleged harm to Plaintiff.

Ingersoll-Rand hereby answers the allegations contained in the Complaint, as follows:

1.  Ingersoll-Rand is without sufficient knowledge or information either to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.  Ingersoll-Rand admits that it does business as IRESC, with a usual place of business at 300 Turnpike Road, Southboro, Massachusetts. Ingersoll-Rand admits that it does business as IRESC to distribute various Ingersoll-Rand products, including Blaw-Knox brand

machinery and equipment. Ingersoll-Rand denies the remaining allegations set forth in Paragraph 2 of the Complaint. To the extent Plaintiff asserts that IRESC is a legal entity or person with a capacity to be sued, Ingersoll-Rand denies any such allegations.

3. Ingersoll-Rand admits that it is a New Jersey corporation having a principal place of business at 200 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

4. With regard to the first sentence of Paragraph 4 of the Complaint, Ingersoll-Rand admits that it is involved in a wide variety of businesses which includes, but is not limited to, selling various types of heavy construction equipment. Ingersoll-Rand admits the second sentence of Paragraph 4. With regard to the third sentence of Paragraph 4, Ingersoll-Rand admits that the "paver" at issue is a track mounted, mid-sized, paver/finisher capable of placing bituminous base, binder and surface course mixes, cement or lime stabilized sub-base and graded aggregate materials. Ingersoll-Rand denies the remaining allegations in Paragraph 4 of the Complaint.

5. Ingersoll-Rand is without sufficient knowledge or information either to admit or deny the allegations set forth in the first and third sentences of Paragraph 5 of the Complaint. Ingersoll-Rand admits the allegations set forth in the second sentence of Paragraph 5.

6. Ingersoll-Rand admits that Murray purchased a Blaw-Knox paver from IRESC for the gross purchase price of $248,775.00, which included the value of the machine traded in by Murray and sales tax. Ingersoll-Rand admits that Murray paid the full purchase price, and that Murray took possession of the paver shortly after IRESC made modifications to the paver at Murray's request.

7. Ingersoll-Rand is without sufficient knowledge or information either to admit or deny the allegations set forth in the first sentence of Paragraph 7 of the Complaint. Ingersoll-

- 3 -

Rand admits that Murray brought the paver to IRESC for repairs and additional modifications. To the extent the allegations in Paragraph 7 assert that the paver was defective and/or caused Murray to incur losses of any kind, any such allegations are denied.

8. Ingersoll-Rand admits that Murray made oral and written requests to IRESC for repairs to the paver in 2003. Ingersoll-Rand is without sufficient knowledge or information either to admit or deny the remaining allegations set forth in Paragraph 8 of the Complaint. To the extent the allegations in Paragraph 8 assert that the paver was defective and/or caused Murray to incur losses of any kind, any such allegations are denied.

9. Ingersoll-Rand denies the allegations set forth in Paragraph 9 of the Complaint.

10. Ingersoll-Rand admits that it had oral and written communications with Murray regarding the paver, and that Ingersoll-Rand refused to cancel, terminate and rescind the purchase contract and refund the full contract price to Murray. Ingersoll-Rand denies the remaining allegations set forth in Paragraph 10 of the Complaint. To the extent the allegations in Paragraph 10 assert that the paver was defective and/or caused Murray to incur losses of any kind, any such allegations are denied.

11. Ingersoll-Rand denies the allegations set forth in Paragraph 11 of the Complaint.

12. Ingersoll-Rand denies the allegations set forth in Paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted and relief sought by the Plaintiff are barred by Terms and Conditions of Sale, a copy of which is attached to Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the requirements of M.G.L. Chapter 93A prior to bringing suit.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its own acts, omissions and/or course of conduct.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times relevant to this action.

### SIXTH AFFIRMATIVE DEFENSE

Defendant adhered to the terms and requirements of the purchase agreement and the Terms and Condition of Sale.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its failure to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, which is denied, Plaintiff's injuries were in no way caused by any conduct of Defendant or any person acting with, through, or under Defendant, or by any person for whose conduct Defendant is legally responsible or answerable, and Plaintiff can recover nothing therefor.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, which is denied, its injuries were caused in whole or in part by its own willful misconduct and Plaintiff can recover nothing therefor.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendant's compliance with applicable standards, statutes and regulations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because the product in question was misused or abused.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the alleged claims sound in warranty, any such claims are barred because no implied warranties of fitness for a particular purpose or for merchantability existed with respect to any transaction alleged to have been entered into by Defendant or, in the alternative, such warranty or cause of action based upon such warranty was waived.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims made pursuant to M.G.L. Chapter 93A are barred because the contract is governed by New Jersey law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Ingersoll-Rand denies that IRESC is a legal entity or a person with the capacity to be sued, and that all claims against IRESC must fail.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add such other and further defenses as become apparent during the course of discovery.

**WHEREFORE**, Ingersoll-Rand Company respectfully requests that this Court:

1. Enter judgment in favor of Ingersoll-Rand Company on all claims asserted against it by plaintiff Murray;

2. Award Ingersoll-Rand Company its costs and fees in this matter, including reasonable attorneys' fees; and

3. Grant Ingersoll-Rand Company such additional relief as it may be able to demonstrate it is entitled to.

INGERSOLL-RAND COMPANY,

By its attorneys,

*/s/ Carter D. Morse/*
Steven W. Phillips (BBO # 398680)
Carter D. Morse (BBO # 636645)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

Dated: February 26, 2004

### Certificate of Service

I certify that on February 26, 2004, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by mail to its counsel of record: Peter F. Davis, 15 Broad Street, Suite 512, Boston, Massachusetts 02109.

*/s/ Carter D. Morse/*
Carter D. Morse

FHBoston/1009862.2