

Ingersoll-Rand | 200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

October 21, 2003

Peter F. Davis, Esq.
50 Congress Street, Suite 630
Boston, MA 02109

Re: **Murray Paving & Reclamation, Inc.**

Dear Mr. Davis:

Ingersoll-Rand Company ("IR") is in receipt of your October 10, 2003 letter.

At the outset, please note that your October 10 letter fails to meet the requirements of a "written demand for relief" pursuant to Section 9(3) of Mass. Gen Laws, ch. 93A as it does not "reasonably describe [] the unfair or deceptive act or practice relied upon."

In any event, as already set forth in my October 3 letter to you, we consider your client's claim to be meritless. IR has honored, and will continue to honor, its warranty obligations. Indeed, IR has gone above and beyond these obligations by offering to rebuild a unit for your client, which your client has rejected.

Furthermore, as noted in my October 3 letter, Section 9 of the governing contract unambiguously limits the amount and categories of damages for which IR is liable. For example, Section 9 limits IR's liability to the purchase price and expressly excludes liability for any consequential, incidental, indirect, special or punitive damages. I urge you review these contractual provisions, as IR will consider any claim which asserts such damages to be frivolous.

However, IR would like to maintain a good relationship with your client, and rest assured that IR will continue to honor its warranty obligations.

Very truly yours,

John D. Soriano
Assistant General Counsel
Litigation

JDS:cs

cc: Mr. Andrew Andre
    Jim Chamberlain, Esq.

Exhibit E
(MEMORANDUM OF LAW IN SUPPORT
OF INGERSOLL-RAND COMPANY'S
MOTION FOR SUMMARY JUDGMENT)

IRCO CONFIDENTIAL 0034