# N.J.S.A. § 12A:2-102

Exhibit G
(MEMORANDUM OF LAW IN SUPPORT
OF INGERSOLL-RAND COMPANY'S
MOTION FOR SUMMARY JUDGMENT)

NJ ST 12A:2-102 Page 1
N.J.S.A. 12A:2-102
C

NEW JERSEY STATUTES ANNOTATED
TITLE 12A. **COMMERCIAL TRANSACTIONS**
SUBTITLE 1. **UNIFORM COMMERCIAL CODE**
CHAPTER 2. **SALES**
SUBCHAPTER 1. SHORT TITLE, GENERAL CONSTRUCTION AND SUBJECT MATTER
12A:2-102. Scope; certain security and other transactions excluded from this chapter

Unless the context otherwise requires, this Chapter applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this Chapter impair or repeal any statute regulating **sales** to consumers, farmers or other specified classes of buyers.

CREDIT(S)

L.1961, c. 120, § 2-102.

<General Materials (GM) - References, Annotations, or Tables>

**UNIFORM COMMERCIAL CODE** COMMENT

<For UCC acknowledgments, see NJ ST UCC Acknowledgments.>

Prior Uniform Statutory Provision: Section 75, Uniform **Sales** Act.

Changes: Section 75 has been rephrased.

Purposes of Changes and New Matter: To make it clear that:

The Article leaves substantially unaffected the law relating to purchase money security such as conditional sale or chattel mortgage though it regulates the general **sales** aspects of such transactions. "Security transaction" is used in the same sense as in the Article on Secured Transactions (Article 9).

Cross Reference:

Article 9.

Definitional Cross References:

"Contract". Section 1-201.

"Contract for sale". Section 2-106.

"Present sale". Section 2-106.

"Sale". Section 2-106.

CROSS REFERENCES

Retail installment **sales** act, see § 17:16C-1 et seq.

**Sales** and use tax act, see § 54:32B-1 et seq.

Secured transactions, see § 12A:9-101 et seq.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# N.J.S.A. § 12A:2-316

NJ ST 12A:2-316 Page 1
N.J.S.A. 12A:2-316
C

NEW JERSEY STATUTES ANNOTATED
TITLE 12A. **COMMERCIAL TRANSACTIONS**
SUBTITLE 1. **UNIFORM COMMERCIAL CODE**
CHAPTER 2. **SALES**
SUBCHAPTER 3. GENERAL OBLIGATION AND CONSTRUCTION OF CONTRACT
12A:2-316. Exclusion or modification of warranties

(1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this Chapter on parol or extrinsic evidence (12A:2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.

(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

(4) Remedies for breach of warranty can be limited in accordance with the provisions of this Chapter on liquidation or limitation of damages and on contractual modification of remedy (12A:2-718 and 2-719).

CREDIT(S)

L.1961, c. 120, § 2-316.

<General Materials (GM) - References, Annotations, or Tables>

**UNIFORM COMMERCIAL CODE** COMMENT

<For UCC acknowledgments, see NJ ST UCC Acknowledgments.>

Prior Uniform Statutory Provision: See Sections 15 and 71, Uniform **Sales** Act.

Purposes:

1. This section is designed principally to deal with those frequent clauses in **sales** contracts which seek to exclude "all warranties, express or implied." It seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2. The seller is protected under this Article against false allegations of oral warranties by its provisions on parol and extrinsic evidence and against unauthorized representations by the customary "lack of authority" clauses. This Article treats the limitation or avoidance of consequential damages as a matter of limiting remedies for breach, separate from the matter of creation of liability under a warranty. If no warranty exists, there is of course no problem of limiting remedies for breach of warranty. Under subsection (4) the question of limitation of remedy is governed by the sections referred to rather than by this section.

3. Disclaimer of the implied warranty of merchantability is permitted under subsection (2), but with the safeguard that such disclaimers must mention merchantability and in case of a writing must be conspicuous.

4. Unlike the implied warranty of merchantability, implied warranties of fitness for a particular purpose may be excluded by general language, but only if it is in writing and conspicuous.

5. Subsection (2) presupposes that the implied warranty in question exists unless excluded or modified. Whether or not language of disclaimer satisfies the requirements of this section, such language may be relevant under other sections to the question whether the warranty was ever in fact created. Thus, unless the provisions of this Article on parol and extrinsic evidence prevent, oral language of disclaimer may raise issues of fact as to whether reliance by the buyer occurred and whether the seller had "reason to know" under the section on implied warranty of fitness for a particular purpose.

6. The exceptions to the general rule set forth in paragraphs (a), (b) and (c) of subsection (3) are common factual situations in which the circumstances surrounding the transaction are in themselves sufficient to call the buyer's attention to the fact that no implied warranties are made or that a certain implied warranty is being excluded.

7. Paragraph (a) of subsection (3) deals with general terms such as "as is," "as they stand," "with all faults," and the like. Such terms in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved. The terms covered by paragraph (a) are in fact merely a particularization of paragraph (c) which provides for exclusion or modification of implied warranties by usage of trade.

8. Under paragraph (b) of subsection (3) warranties may be excluded or modified by the circumstances where the buyer examines the goods or a sample or model of them before entering into the contract. "Examination" as used in this paragraph is not synonymous with inspection before acceptance or at any other time after the contract has been made. It goes rather to the nature of the responsibility assumed by the seller at the time of the making of the contract. Of course if the buyer discovers the defect and uses the goods anyway, or if he unreasonably fails to examine the goods before he uses them, resulting injuries may be found to result from his own action rather than proximately from a breach of warranty. See Sections 2-314 and 2-715 and comments thereto.

In order to bring the transaction within the scope of "refused to examine" in paragraph (b), it is not sufficient that the goods are available for inspection. There must in addition be a demand by the seller that the buyer examine the goods fully. The seller by the demand puts the buyer on notice that he is assuming the risk of defects which the examination ought to reveal. The language "refused to examine" in this paragraph is intended to make clear the necessity for such demand.

Application of the doctrine of "caveat emptor" in all cases where the buyer examines the goods regardless of statements made by the seller is, however, rejected by this Article. Thus, if the offer of examination is accompanied by words as to their merchantability or specific attributes and the buyer indicates clearly that he is relying on those words rather than on his examination, they give rise to an "express" warranty. In such cases the question is one of fact as to whether a warranty of merchantability has been expressly incorporated in the agreement. Disclaimer of such an express warranty is governed by subsection (1) of the present section.

The particular buyer's skill and the normal method of examining goods in the circumstances determine what defects are excluded by the examination. A failure to notice defects which are obvious cannot excuse the buyer. However, an examination under circumstances which do not permit chemical or other testing of the goods would not exclude defects which could be ascertained only by such testing. Nor can latent defects be excluded by a simple examination. A professional buyer examining a product in his field will be held to have assumed the risk as

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

to all defects which a professional in the field ought to observe, while a nonprofessional buyer will be held to have assumed the risk only for such defects as a layman might be expected to observe.

9. The situation in which the buyer gives precise and complete specifications to the seller is not explicitly covered in this section, but this is a frequent circumstance by which the implied warranties may be excluded. The warranty of fitness for a particular purpose would not normally arise since in such a situation there is usually no reliance on the seller by the buyer. The warranty of merchantability in such a transaction, however, must be considered in connection with the next section on the cumulation and conflict of warranties. Under paragraph (c) of that section in case of such an inconsistency the implied warranty of merchantability is displaced by the express warranty that the goods will comply with the specifications. Thus, where the buyer gives detailed specifications as to the goods, neither of the implied warranties as to quality will normally apply to the transaction unless consistent with the specifications.

Cross References:

Point 2: Sections 2-202, 2-718 and 2-719.

Point 7: Sections 1-205 and 2-208.

Definitional Cross References:

"Agreement". Section 1-201.

"Buyer". Section 2-103.

"Contract". Section 1-201.

"Course of dealing". Section 1-205.

"Goods". Section 2-105.

"Remedy". Section 1-201.

"Seller". Section 2-103.

"Usage of trade". Section 1-205.

CROSS REFERENCES

Course of dealing and usage of trade, see § 12A:1-205.

Course of performance or practical construction, see § 12A:2-208.

Final written expression, parol or extrinsic evidence, see § 12A:2-202.

Liquidation of damages, restitution, see § 12A:2-718.

Modification of remedies by agreement, see § 12A:2-719.

LAW REVIEW AND JOURNAL COMMENTARIES

*Agristor Leasing v. Spindler:* Economic loss, strict liability and the U.C.C.-- what a mess. Comment, 34 S.D.L.Rev. 101 (1989).

An analysis of warranty claims instituted by non-privity plaintiffs in jurisdictions that have adopted **Uniform**

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**N.J.S.A. § 12A:2-719**

NJ ST 12A:2-719                                                                                          Page 18
N.J.S.A. 12A:2-719
**C**

NEW JERSEY STATUTES ANNOTATED
TITLE 12A. **COMMERCIAL TRANSACTIONS**
SUBTITLE 1. **UNIFORM COMMERCIAL CODE**
CHAPTER 2. **SALES**
SUBCHAPTER 7. REMEDIES
12A:2-719. Contractual modification or limitation of remedy

(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,

(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Chapter and may limit or alter the measure of damages recoverable under this Chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

(b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

CREDIT(S)

L.1961, c. 120, § 2-719.

<General Materials (GM) - References, Annotations, or Tables>

**UNIFORM COMMERCIAL CODE** COMMENT

<For UCC acknowledgments, see NJ ST UCC Acknowledgments.>

Prior Uniform Statutory Provision: None

Purposes:

1. Under this section parties are left free to shape their remedies to their particular requirements and reasonable agreements limiting or modifying remedies are to be given effect.

However, it is of the very essence of a **sales** contract that at least minimum adequate remedies be available. If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract. Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed. Similarly, under subsection (2), where an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article.

2. Subsection (1)(b) creates a presumption that clauses prescribing remedies are cumulative rather than exclusive. If the parties intend the term to describe the sole remedy under the contract, this must be clearly expressed.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

3. Subsection (3) recognizes the validity of clauses limiting or excluding consequential damages but makes it clear that they may not operate in an unconscionable manner. Actually such terms are merely an allocation of unknown or undeterminable risks. The seller in all cases is free to disclaim warranties in the manner provided in Section 2-316.

Cross References:

Point 1: Section 2-302.

Point 3: Section 2-316.

Definitional Cross References:

"Agreement". Section 1-201.

"Buyer". Section 2-103.

"Conforming". Section 2-106.

"Contract". Section 1-201.

"Goods". Section 2-105.

"Remedy". Section 1-201.

"Seller". Section 2-103.

CROSS REFERENCES

Exclusion or modification of warranties, see § 12A:2-316.

Unconscionable clauses, see § 12A:2-302.

LAW REVIEW AND JOURNAL COMMENTARIES

Contracting for computers. David J. Connelly (Spring 1981) 95 N.J. Law. 7.

Contractual limitations on remedies. Roy Ryden Anderson, 67 Neb.L.Rev. 548 (1988).

Disclaiming and limiting liability for commercial damages. Don Tracy, 83 Com.L.J. 8 (1978).

Economic loss in products liability. (1972) 4 Seton Hall L.Rev. 145.

Express warranties, disclaimers, and limitations of liability (1974) 28 Rutgers L.Rev. 312.

Law of **sales** under the Code. Calvin W. Corman (1962) 17 Rutgers L.Rev. 14.

Limitation of buyer's rights on late delivery. (1974) 11 Willamette L.Rev. 56.

Magnuson-Moss Warranty Act. Donald P. Rothschild (1976) 44 Geo.Wash.L.Rev. 335.

Presumptions, burden of proof and the Code. W. Harold Bigham, 2 UCC L.J. 346 (1970).

Presumptions of unconscionability and nondefective products. 50 N.Y.U.L.Rev. 148 (1975).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.