UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MURRAY PAVING & RECLAMATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INGERSOLL-RAND EQUIPMENT & SERVICES COMPANY and INGERSOLL-RAND COMPANY,<br><br>Defendants. | CIVIL ACTION No. 04-10328 GAO |

**AFFIDAVIT OF ANDREW ANDRE IN SUPPORT OF
INGERSOLL-RAND COMPANY'S MOTION FOR SUMMARY JUDGMENT**

I, Andrew Andre, being duly sworn, deposes and says as follows:

1. I am a former Vice President and Branch Manager of Ingersoll-Rand Company d/b/a Ingersoll-Rand Equipment & Services Company ("Ingersoll-Rand") located in Southboro, Massachusetts.

2. I currently reside in Tennessee and am employed by Atlas Copco Drilling Solutions, 1500 J.P. Hennessey Drive, La Vergne, TN 37086.

3. I make this affidavit in support of Ingersoll-Rand's Motion for Summary Judgment. I have actual knowledge of the matters stated in this affidavit and could and would so testify if called as a witness.

4. On or about May 1, 2003, Murray purchased a Blaw-Knox paver, model no. FF4410 ("Paver"), from Ingersoll-Rand for $230,100. A true and correct copy of the sales order for the Paver, dated May 1, 2003 ("Sales Order") is attached hereto as <u>Exhibit A</u>.

5. Murray paid a net purchase price of $236,775 for the Paver, which included $231,000 for the Paver, $5,000 for an extended warranty, $2,400 in freight charges and $11,275 in sales tax, minus $12,000 for a piece of machinery traded in by plaintiff.

6. Attached to the Sales Order was Ingersoll-Rand's standard Terms and Conditions of Sale, which consists of a single-sided, one-page document ("Terms and Conditions"). A true and correct copy of the Terms and Conditions is attached hereto as Exhibit B.

7. Plaintiff also purchased a three-year extended Blaw-Knox warranty from Ingersoll-Rand when plaintiff purchased the paver ("Blaw-Knox Warranty"). A true and correct copy of the Blaw-Knox Warranty is attached hereto as Exhibit C.

8. When plaintiff asserted that there were problems with the Paver, Ingersoll-Rand offered to fix the Paver pursuant to the Paver's warranties, i.e., the Terms and Conditions and Blaw-Knox Warranty, collectively referred to as the "Warranties." Plaintiff demanded that Ingersoll-Rand take back the Paver and refund the purchase price. Ingersoll-Rand refused to take back the Paver or refund the purchase price based on the limitations set forth in the Warranties.

9. Ingersoll-Rand did, however, offer to exchange the Paver with a new one. Further, Ingersoll-Rand offered to fly plaintiff's President, Arnold Johnson, to the Blaw-Knox factory in Shippensburg, Pennsylvania, so that Mr. Johnson could meet the people who would build him a new paver to allay any concerns he had regarding the quality of the new paver. Murray rejected this offer and continued to demand that Ingersoll-Rand take back the Paver and return the purchase price.

10. Ingersoll-Rand has always maintained that it would repair the Paver pursuant to the Warranties.

11.     Ingersoll-Rand has a full-service repair shop and mechanics who are trained to identify and fix problems with Blaw-Knox pavers at Ingersoll-Rand's facility in Southboro, Massachusetts.

12.     On or about October 10, 2003, plaintiff made demand upon Ingersoll-Rand pursuant to M.G.L. ch. 93A for Ingersoll-Rand to take back the Paver, refund the full purchase price, and compensate plaintiff "for all losses suffered to date." A copy of the demand letter is attached hereto as Exhibit D.

13.     On or about October 21, 2003, Ingersoll-Rand responded to plaintiff's Chapter 93A demand letter by stating that "IR has honored, and will continue to honor, its warranty obligations." A copy of Ingersoll-Rand's response letter is attached hereto as Exhibit E.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. EXECUTED THIS 23rd DAY OF NOVEMBER, 2004.

_____
Andrew Andre

STATE OF Tennessee

Subscribed and sworn to before me this 23 day of November, 2004.

_____
Notary Public

My Commission Expires MAR. 26, 2005
My commission expires _____

## Certificate of Service

I certify that on November 30, 2004, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by HAND DELIVERY to its counsel of record: Peter F. Davis, 15 Broad Street, Suite 512, Boston, Massachusetts 02109.

_____
Carter D. Morse, Jr.