UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MURRAY PAVING & RECLAMATION, INC.,

Plaintiff, v.

INGERSOLL-RAND EQUIPMENT & SERVICES
COMPANY and INGERSOLL-RAND COMPANY,

Defendants.

CIVIL ACTION No. 04-10328 GAO

MEMORANDUM OF PLAINTIFF MURRAY PAVING & RECLAMATION, INC.
IN OPPOSITION TO
DEFENDANT INGERSOLL-RAND COMPANY'S
MOTION FOR SUMMARY JUDGMENT

Ingersoll-Rand Company (Ingersoll) describes this action, in its memorandum, as a "garden variety breach of warranty case", and claims that "it is undisputed that Ingersoll has always offered to make repairs to the paver pursuant to the paver's express warranties". Ingersoll now brings its Motion For Summary Judgment, claiming that there are either no undisputed facts which would require further activity such as discovery and trial, or that regardless of the possible claims by Murray Paving & Reclamation, Inc. (Murray) of the existence of factual issues, that Ingersoll is entitled to a judgment, as a matter of law. Murray submits its memorandum in opposition to the assertions of Ingersoll, and submits that entry of summary judgment is not appropriate, at least on the current state of the record.

Murray has submitted the affidavit of Arnold G. Johnson, Jr., the person who acted for Murray in connection with the transaction with Ingersoll, setting forth all of the relevant facts, as

claimed by Murray. While it may be oversimplification to assert that this affidavit clearly discloses the existence of disputed facts, which would require a denial of the summary judgment motion, and that further discussion merely restates the obvious, it is clear that the parties DISAGREE on those "facts" that deal with the condition of the paver, as well as those "facts" that deal with the actions of the parties concerning the failure of the paver to EVER perform in accordance with the warranties involved in this action, as well as those "facts" that deal with what, if anything, Ingersoll did or offered to do, when Murray tried to obtain any sort of satisfaction, when confronted what Murray contends was an utter failure of Ingersoll to sell and deliver to Murray an operable paver. Although Murray has to date refrained from raising the possible issues of fraudulent inducement to contract, which would transform this action to a totally different posture, and which would raise questions of fact concerning Ingersoll's knowledge of the true facts and factors leading to the manufacture and sale of a knowingly defective product, or Ingersoll's learning of, but failing to disclose to Murray, and indeed other purchasers, misconduct by Ingersoll's employees during the manufacturing process of Murray's paver, as well as other pavers or equipment sold to other purchasers, it is unmistakable that the normal discovery process could well lead to the development of facts that would indeed support claims determinative of such issues. Ingersoll may be trying to foreclose Murray's discovery at the outset, to prevent the opening of a Pandora's Box of facts dealing with labor problems and sabotage of products and production that often accompany changes in union contracts and policies, but Murray must not be denied its usual rights to discovery, just because Ingersoll asserts that thisw action is merely "a garden-variety breach of warranty case".

<u>Was the paver free from defects in material and workmanship?</u> Murray claims that it was not, Ingersoll is silent on this issue, but apparently claims that it makes no difference, since it

2

(Ingersoll) was always ready to repair the paver.

<u>Did Murray purchase a NEW or re-built paver?</u> Murray claims that the sales documents deal with a new paver, but that the constant repairs and actual failure of Ingersoll to EVER bring the paver to a reasonable state of repair, and to EVER completely deal with the underlying bugs or problems establish that Ingersoll NEVER delivered to Murray the item described in the sales contract. (This issue would deal with Murray's possible right to rescind the contract, but since Murray has admittedly sold the paver since the commencement of the action, as a defensive measure when faced with Ingersoll's intractable position, but as a measure that would obviously serve to mitigate possible claims of damage, this factual issue may well now be of less importance, unless discovery leads to more convincing evidence of "fraud in the inducement to contract" or evidence that Ingersoll surpressed information concerning Ingersoll's labor problems.)

<u>Did Ingersoll offer to replace the paver?</u> Ingersoll says yes, but Murray says no, which compels the conclusion that a question of fact exists, requiring denial of summary judgment.

<u>If Ingersoll did in fact offer to replace the paver, might it thereafter withdraw its offer, and refuse to replace the paver?</u> Ingersoll says yes, but Murray says no, which raises issues partly factual and partly legal, but nevertheless requiring denialof summary judgment.

Murray submits that Mr. Johnson's affidavit demonstrates that there is no issue of fact as to whether the paver sold to Murray was or was NOT as warranted by Ingersoll, that there is at least an issue of fact as to what Ingersoll did or did not do, with reference to Ingersoll's warranty obligations, and an issue of fact concerning the propriety or appropriateness of Murray's sale of the paver, to cut its losses (which would of course mitigate its damages), when confronted by Ingersoll's intractable stance on what should be done, or should have been done, to deal with

3

Murray's undisputed problems.

Murray further submits that on the state of the record, and on the materials suppied to this Court, in connection with Ingersoll's motion, before we get to consideration of either the Uniform Commercial Code or New Jersey law or Massachusetts law (MGL Ch. 93A), there must be at least some minimal discovery regarding the facts, and there must be some attempt to set forth the applicable facts, to which the appropriate law would be applied. The voluntary exchange of documents by counsel has provided Murray with some interesting material which in part confirms Murray's claims, fears and suspicions concerning the manufacture of the paver, and Ingersoll's knowledge about the causes of the problems that manifested themselves, when Murray tried to operate what it reasonably relied uon, as a piece of equipment, manufactured *"TO BE FREE FROM DEFECTS IN MATERIAL AND WORKMANSHIP"* (the language of the warranty).

THE CASE NOW BEFORE THIS COURT HAS NOT YET REACHED THIS POSTURE, AND ACCORDINGLY, ENTRY OF SUMMARY JUDGMENT IS NOT NOW APROPRIATE.

Murray does not quarrel with Ingersoll's statement concerning summary judgment standards, but does take issue with Ingersoll's contentions as to Murray's rights and remedies. As set forth earlier in this memorandum, too many facts are still in dispute at this time for this Court to apply applicable law to determine Murray's burden of proof, to determine Murray's possible remedies, and indeed to determine just what law is applicable to the action. Murray is entitled at this time to have the Court accept as true and provable the facts set forth in Mr. Johnson's affidavit, and after drawing reasonable and compelling inferences from those facts, when contrasted to Ingersoll's factual allegations, and when considered with such documentary evidence as is now before this Court, this Court must conclude that factual issues exist, and summary

4

judgment must be denied. Further, since only discovery will allow the parties to make reasonable presentations of their respective factual positions, and thereafter come to some consensus as to just what the facts are, or to present this Court with compelling evidence to which or what appropriate law may be applied, it must be concluded that summary judgment is not now appropriate.

    Respectfully submitted.

MURRAY PAVING & RECLAMATION, INC.
By its attorney:

/s/ Peter F. Davis

Peter F. Davis    BBO #116160
15 Broad Street, Suite 512
Boston, Mass. 02109
Tel: (617) 227-1344
Fax: (617) 723-2844

5

Certificate of Service

I certify that on December _____, 2004, I served a copy of the within document on defendants by mailing same to their Counsel of Record, Carter D. Morse, Jr., Esquire, Foley Hoag LLP, 155 Seaport Boulevard, Boston, Mass. 02110.

_____
Peter F. Davis