UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MURRAY PAVING & RECLAMATION, INC.,

Plaintiff, v.

INGERSOLL-RAND EQUIPMENT & SERVICES
COMPANY and INGERSOLL-RAND COMPANY,

Defendants.

CIVIL ACTION No. 04-10328 GAO

LOCAL RULE 56.1 STATEMENT OF DISPUTED MATERIAL FACTS OF RECORD
CONTENDED BY MURRAY PAVING & RECLAMATION, INC.
THAT THERE EXISTS GENUINE ISSUES OF FACT TO BE TRIED,
WITH REFERENCE TO
DEFENDANT INGERSOLL-RAND COMPANY'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff Murray Paving & Reclamation, Inc. (Murray) hereby submits the following statements of DISPUTED facts, in support of its opposition to Defendant Ingersoll-Rand Company's (Ingersoll-Rand) Motion For Summary Judgment:

1. Ingersoll-Rand did NOT offer to replace the paver. Johnson affidavit, Par.12.

2. Ingersoll-Rand did NOT offer to fly Murray Paving's President to a Blaw-Knox factory for any purpose, Johnson affidavit, Par. 12.

3. Ingersoll-Rand did NOT repair the paver totally, although it made many attempts to do so. Johnson affidavit, Pars. 6,7, 10, 11, 13, and 15.

4. Ingersoll-Rand failed to live up to the terms of its warranty. Johnson affidavit, Pars. 6-17.

5. Ingersoll-Rand knew that there were production problems with the paver, and with other pieces of equipment manufactured by Ingersoll-Rand, but did not disclose this knowledge to Murray Paving until long after Murray Paving first complained about the problems with the paver. Johnson Affidavit, Par. 14.

6. Murray Paving did everything necessary to be entitled to the benefit of all warranties made by Ingersoll-Rand; Murray Paving did not mis-use the paver. Johnson affidavit, Pars. 6-16.

7. The paver never operated properly, or for a reasonable length of time. Johnson affidavit, Pars. 6-16.

8. Ingersoll-Rand employees acknowledged that could not discover and remedy the various defects in the paver. Johnson affidavit, Par. 16.

9. The paver had defects that were never cured or repaired that establish that the paver was not manufactured and delivered "free of defects in material and workmanship. Johnson affidavit, Pars. 6, 7, 13, and 15.

10. Murray Paving sold the paver in an attempt to "cut its losses", which would mitigate its claim of damages. Johnson affidavit, Par. 17.

MURRAY PAVING & RECLAMATION, INC.

By its attorney:

Peter F. Davis    BBO #116160
15 Broad Street, Suite 512
Boston, Mass. 02109
Tel: (617) 227-1344
Fax: (617) 723-2844

Certificate of Service

I certify that on /Dec 23/ , 2004, I served a copy of the within document on defendants by mailing same to their Counsel of Record, Carter D. Morse, Jr., Esquire, Foley Hoag LLP, 155 Seaport Boulevard, Boston, Mass. 02110.

_____
Peter F. Davis