**Ingersoll-Rand**     Andrew Andre
05/12/2003 02:01 PM

To: William Cove/cmg/IRCorp@IRCorp
cc: Jim Phillips/cmg/IRCorp@IRCorp, Stanley Norcross/cmg/IRCorp@IRCorp
Subject: Re: Customer Support issues for the week ending 5-10

**REDACTED**

---
Andrew A Andre
Ingersoll-Rand Equipment and Services Company
Southboro, MA 01772     Phone 508 481 1350

William Cove 05/12/2003 01:01 PM

**Ingersoll-Rand**     William Cove
05/12/2003 01:01 PM

To: Andrew Andre/cmg/IRCorp@IRCorp, Stanley Norcross/cmg/IRCorp@IRCorp, Jim Phillips/cmg/IRCorp@IRCorp
cc:
Subject: Customer Support issues for the week ending 5-10

OPEN ISSUES SALES

**REDACTED**

 **Ingersoll-Rand**

|  |  |
|---|---|
| **William Cove**<br>05/21/2003 08:29 AM | To: Andrew Andre/cmg/IRCorp@IRCorp<br>cc: Larry Spring/cmg/IRCorp@IRCorp, John Sunkenberg/cmg/IRCorp@IRCorp<br>Subject: Murray PF4410 |

Andy : On Friday Arnie stopped in to say the paving day went well, That was the first run with finish and job looked good and the crew paved more than he had planned on that day. Arnie did mention he would like to explore being able to control auger speed at the hand controls. I told Arnie I would have John M. come out next week and see what is going on as he will be paving in Ashland.

Follow-up On Tuesday Arnie called concerned about a broken weld on the end gate, we are sending John M. and the welder out on Wed. morning and will go over auger issue as well .

Arnie also is looking for a control box for the Bobcat Milling attachment, I am not up on this are you?

Bill

---

William Cove
Ingersoll-Rand Company
300 Turnpike Road, Route 9
Southboro, MA  01772
Phone: 508-481-1350
Fax:508-481-2014
Email: William_Cove@Ingersoll-Rand.com

IRCO CONFIDENTIAL 0101

**REDACTED**

**Robert Marchand**  To:  Andrew Andre/cmg/IRCorp@IRCorp
11/21/2003 08:34 AM  cc:  Mike Kemmerer/cmg/IRCorp@IRCorp
 Subject: Murray paving

Andy,
As you may or may not know, Murray paving was brought back for warranty work again. Here is a synopsis of what is going on.

1) Lights still acting up, we tightened up associated connections and split load one more time, tested for 2 hours and no problems. Vibration could be a concern here. I have talked to a couple od other customers with the same lighting concerns, machines will be repaired when they give me the go ahead due to their scheduling.

2) Auger reostat fell apart, there is a spring that applies pressure to the variable risistor bank, this either fell off or was removed. The problem was intermittant staying operational od the left side feed auger. John installed new reostat and test ran. Readjusted force motors to be safe and no apparent problems.

3) Complaint od sticky brake function, checked funtion and switching, no apparent malfunction.

Anything more needed let me know.

Bob

**Mike Kemmerer**

10/07/2003 04:35 PM

To: Andrew Andre/cmg/IRCorp@IRCorp
cc:
Subject: 4410 serial 441032

Andy:

The service history on this machine has several minor issues that have been addressed since delivery in March of 2003. In regard to the Track tension cylinder that we are replacing today this is the first time that part has failed. The Right Track Tension cylinder was replaced in July 23,03 after the air breather which was indicating an internal oil bypass problem was replaced twice to stop the oil leak. Murray Paving contacted us last Wednesday October 1, 2003 and said the Left side was leaking. We told them they would need to bring it by so we could replace the Track Tension Cylinder. The dropped the machine off Thursday morning and before we could begin working on the machine they called to say their Cat paver was down and they were coming to pick this one back up. We told them we would order the cylinder which came on Friday October 3, 2003 and when they brought the machine back we would get right to work. The machine arrived back in the yard on Tuesday October 7, 2003 at which point we went right to work replacing the cylinder. The schedule is to call Murray in the morning October 8, 2003 to schedule a pickup. Please feel free to contact me if you have any questions.

Mike Kemmerer

IRCO CONFIDENTIAL 0103

# PETER F. DAVIS
ATTORNEY AND COUNSELLOR-AT-LAW
50 CONGRESS STREET, SUITE 630
BOSTON, MASSACHUSETTS 02109

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

June 25, 2003

Mr. Peter Schlesinger, President
Blaw-Knox Division of
Ingersoll-Rand Co.
312 Ingersoll Drive
Shippensburg, PA 17257

And

Mr. Herbert L. Henkel, President
Ingersoll-Rand Company
200 Chestnut Ridge Road
Woodcliff, NJ 07675

   Re: Murray Paving & Reclamation, Inc.
      Sales Order No. 641-21990

Gentlemen:

  Please be advised that I represent Murray Paving & Reclamation, Inc. ("Murray"), to whom your organization sold a new Blaw-Knox 2003 Model PF-4410 Paver ("the Paver"), as set forth in the above referenced order.

  As you have been made aware by Arnold G. Johnson, Jr., President of Murray, the Paver has not operated properly since it was delivered to Murray, and problems with the Paver started on the very first day Murray attempted to use it, and have continued from that date to the present. Despite repairs and modifications made to the Paver by your organization, the Paver continues to fail to operate properly, and cannot be depended upon to perform the tasks for which it was manufactured and sold.

  To date, Murray has been deprived of the use of the Paver due to breakdowns and other failures of the Paver, and has suffered many thousands dollars of losses directly attributable to the failure of the Paver to operate properly.

  In sum, the Paver has utterly failed to provide the service that a purchaser of new equipment has a right to expect, and in addition, has caused tremendous dollar losses to Murray. Again, you and your organization have, on essentially a daily basis, been made

aware of the problems suffered by Murray in connection with the Paver, and Murray's total dissatisfaction with the Paver.

ALL OF THE FOREGOING CONSTITUTES A BREACH OF THE CONTRACT BETWEEN MURRAY AND YOU.

Accordingly, you are hereby notified that Murray elects to RESCIND AND TERMINATE the above referenced sales order and contract.

On behalf of Murray, DEMAND is hereby made that you FORTHWITH take such steps as are necessary to accept a re-delivery of the Paver to you by Murray, and that you IMMEDIATELY REFUND TO MURRAY ALL FUNDS PAID TO YOU BY MURRAY, AS WELL AS PROVIDING COMPENSATION TO MURRAY FOR ALL DAMAGES AND LOSSES SUFFERED BY MURRAY TO DATE ATTRIBUTABLE TO AND REASONABLY FLOWING FROM THE FAILURE OF THE PAVER TO OPERATE PROPERLY, AND AS A DIRECT RESULT OF THE BREACH BY YOU OF THE SALES CONTRACT BETWEEN MURRAY AND YOUR ORGANIZATION.

Very truly yours,

Peter F. Davis

Copies:
Andrew A. Andre, Vice-President/Branch Manager
Ingersoll-Rand Equipment & Services Company
300 Turnpike Road
Southborough, Mass. 01772

Mr. Arnold G. Johnson, Jr., President
Murray Paving & Reclamation, Inc.
PO Box 329
Framingham, Mass. 01702



Ingersoll-Rand | 200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

July 11, 2003

Peter F. Davis, Esq.
50 Congress Street, Suite 630
Boston, MA 02109

**Re: Murray Paving & Reclamation, Inc.**

Dear Mr. Davis:

Your June 25, 2003 letter to Messrs. Henkel and Schlesinger has been referred to me. I handle litigation for Ingersoll-Rand Company, indirect parent of Blaw-Knox Construction Equipment Corporation.

I am currently reviewing this matter, and I will be in touch once my review is completed. To expedite my investigation, please describe to me in writing the specific problems your client is currently experiencing with the paver in question.

Very truly yours,

John D. Soriano
Assistant General Counsel
Litigation

JDS:cs

cc: Jim Plasynski, Esq.
    Mr. Andrew Andre

M:\JOINTLAW\Word\jds\murray paving.doc

IRCO CONFIDENTIAL 0024

# PETER F. DAVIS
### ATTORNEY AND COUNSELLOR-AT-LAW
50 CONGRESS STREET, SUITE 630
BOSTON, MASSACHUSETTS 02109

July 17, 2003

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

John D. Soriano, Esquire
Assistant General Counsel
Ingersoll-Rand
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

**RECEIVED**

JUL 2 1 2003

Re:  Murray Paving & Reclamation, Inc.
     Sales Order No. 641-21990

Dear Mr. Soriano:

**JOHN D. SORIANO**

Thank you for your letter of July 11, 2003, replying to my earlier letter to Messrs. Henkel and Schlesinger. I would be pleased to discuss the matter to you following your review.

In the meantime, in response to your inquiry, the following is at least a partial listing of the problems encountered by Murray Paving, relative to the paver. It is my understanding that these problems have previously been brought to the attention of Ingersoll-Rand personnel. (This listing is not necessarily in chronological order, and may well be incomplete.)

1. Hopper doors would not raise. A hydraulic cylinder had to be replaced. When the doors still would not raise, I-R personnel increased the hydraulic pressure from a factory recommended setting to a substantially higher setting (1800 lbs to 3000 lbs.)

2. There was a hydraulic leak at the manifold, due to a loose connection, causing oil to be blown out all over a project, with ensuing environmental damage.

3. Factory welding on the exterior doors was sub-standard and incomplete, causing/permitting mix to enter the unwelded area, which separated the steel and caused a mark in the mat.

4. Exterior doors would not close properly, due to alignment problem.

5. Screed would not lower, caused by a wiring problem. A wiring harness was not long enough, causing stretching, which resulted in broken wire, which led to a short-circuit in the system.

6. Auger exterior stop broke off, due to broken bolts.

IRCO CONFIDENTIAL 0025

7. Screw handles would not operate properly; two hands were needed to turn handles, rather than the handling turning easily with a single hand.

8. Arm rest on seat fell off.

9. Shim dropped out of screed.

10. Screed would not lower on multiple occasions.

It is my understanding that notwithstanding virtually continuous efforts by I-R personnel, paver would not operate without breakdowns, and downtime on the paver was essentially equal to operating time! Paver operation was and is so undependable that Murray Paving has not been willing - let alone able - to use the paver, and the quarter-million dollar expenditure for a virtually worthless machine has been a disaster for Murray Paving, keeping in mind that paving operations require continuous and reliable use of the machine.

Under these circumstances, Murray Paving has determined that its only recourse is to declare I-R and Blaw-Knox to be in breach of the purchase contract, to demand rescission and termination of the contract, to demand a full refund of the purchase price, and to insist on compensation for all damages flowing from the breach.

Very truly yours,

Peter F. Davis

Copy: Mr. Arnold G. Johnson, Jr., President

IRCO CONFIDENTIAL 0026

# PETER F. DAVIS
ATTORNEY AND COUNSELLOR-AT-LAW
50 CONGRESS STREET, SUITE 630
BOSTON, MASSACHUSETTS 02109

August 6, 2003

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

John D. Soriano, Esquire
Assistant General Counsel
Ingersoll-Rand
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

**RECEIVED**

AUG 1 1 2003

**JOHN D. SORIANO**

Re:  Murray Paving & Reclamation, Inc.
     Sales Order No. 641-21990

Dear Mr. Soriano:

You wrote to me on July 11, 2003, requesting details, as a follow-up to my demand letter of June 25, 2003.

I replied by letter dated July 17, 2003.

I have not heard from you since that time regarding my client's claim.

To make sure that we have explored all aspects of this unfortunate episode prior to litigation, may I hear from you relative to the position of Ingersoll-Rand and Blaw-Knox.

Very truly yours,

Peter F. Davis

Copy: Mr. Arnold G. Johnson, Jr., President

IRCO CONFIDENTIAL 0027



Ingersoll-Rand | 200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

September 5, 2003

Peter F. Davis, Esq.
50 Congress Street, Suite 630
Boston, MA 02109

**Re: Murray Paving & Reclamation, Inc.**

Dear Mr. Davis:

I have your August 6 letter, which I received while out on vacation.

I understand the paver in question was recently in for warranty service. I have requested details as to that service. Once I receive those details, I will be in touch with our position.

Very truly yours,

John D. Soriano
Assistant General Counsel
Litigation

JDS:cs

cc: Mr. Andrew Andre

M:\JOINTLAW\Word\jds\murray paving2.doc

IRCO CONFIDENTIAL 0028

# PETER F. DAVIS
ATTORNEY AND COUNSELLOR-AT-LAW
50 CONGRESS STREET, SUITE 630
BOSTON, MASSACHUSETTS 02109

September 30, 2003

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

John D. Soriano, Esquire
Assistant General Counsel
Ingersoll-Rand
200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

**RECEIVED**
OCT 0 3 2003
**JOHN D. SORIANO**

Re:   Murray Paving & Reclamation, Inc.
      Sales Order No. 641-21990

Dear Mr. Soriano:

Your most recent letter to me, dated September 5, 2003, which was in response to my August 6, 2003, letter, promised a further response, when you had received some details, presumably from the Southborough facility.

I have not heard from you, notwithstanding your statements, and now Murray has <u>again</u> been subjected to leaking of hydraulic fluid from the track tension cylinder.

We have exchanged far too much correspondence, with reference to the above matter.

Please be advised that Murray's patience has been exhausted, and my instructions are to write this letter - a final letter - and then commence litigation, unless a realistic response is received immediately.

Very truly yours,

Peter F. Davis

Copy: Mr. Arnold G. Johnson, Jr., President

IRCO CONFIDENTIAL 0029



Ingersoll-Rand | 200 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-8738

October 3, 2003

Peter F. Davis, Esq.
50 Congress Street, Suite 630
Boston, MA 02109

Re: **Murray Paving & Reclamation, Inc.**

Dear Mr. Davis:

As indicated in my September 5 letter to you, I have obtained the documents related to the warranty service performed on your client's paver.

My review of these documents indicates that the problems with the paver have been resolved by the warranty service. In light of this fact, and in accordance with sections 8 and 9 of the Terms and Conditions governing this contract, IR believes it has fulfilled its obligations to your client.

Please let me know if you have any comments or questions.

Very truly yours,

John D. Soriano
Assistant General Counsel
Litigation

JDS:cs

cc: Mr. Andrew Andre

M:\JOINTLAW\Word\jds\murray paving3.doc

IRCO CONFIDENTIAL 0030

# PETER F. DAVIS
ATTORNEY AND COUNSELLOR-AT-LAW
50 CONGRESS STREET, SUITE 630
BOSTON, MASSACHUSETTS 02109

October 10, 2003

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

Ingersoll-Rand Equipment & Services Company
300 Turnpike Road, Route 9
Southborough, Mass. 01772

and

Ingersoll-Rand Company
200 Chestnut Ridge Road
Woodcliff, NJ 07675

    Re:    Mass. Gen. Laws, Ch. 93A Demand Letter
             Murray Paving & Reclamation, Inc.
             Sales Order No. 641-21990

Gentlemen:

    Please be advised that I represent Murray Paving & Reclamation, Inc. ("Murray"), to whom your organization sold a new Blaw-Knox 2003 Model PF-4410 Paver ("the Paver"), as set forth in the above referenced order.

    I have had substantial correspondence with you and your attorney regarding "the Paver". The most recent response, by your attorney, was to deny any relief to Murray, on the ground that sufficient warranty repairs had been made.

    Please be advised that your ultimate response is unsatisfactory, and is, in my opinion, an actionable violation of Mass. Gen. Laws, ch. 93A.

    Accordingly, DEMAND is hereby made upon you for the return to Murray of the full purchase price, as well as compensation to Murray for all losses suffered to date by Murray, in connection with this transaction. The purchase price was $236,775.00 plus the delivery to you of a machine having a value of at least $12,000.00. Murray's out-of-pocket costs and the value of lost working time directly attributable to the failure of the paver to perform total approximately $100,000.00. Murray has suffered additional losses directly attributable to the unsatisfactory performance and condition of the paver.

      Mass. Gen. Laws, Ch. 93A specifically protects someone situated as is Murray from conduct such as has been displayed by your organization, and requires you, in the event Notice and Demand are made upon you, to make a good faith response and offer of settlement within 30 days of such Notice and Demand.

                                                  Very truly yours,

                                                  Peter F. Davis

Copy - John D. Soriano, Esquire

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
To both addressees

IRCO CONFIDENTIAL 0032



F. DAVIS
UNSELLOR-AT-LAW
REET, SUITE 630
HUSETTS 02109

TELEPHONE: (617) 227-1344
FACSIMILE: (617) 227-3674
FACSIMILE: (617) 723-2844
EMAIL: PFD@DAVISESQ.NET

r 10, 2003

ıny

and Letter
Inc.

y Paving & Reclamation, Inc. ("Murray"),
ox 2003 Model PF-4410 Paver ("the
er.

th you and your attorney regarding "the
ıey, was to deny any relief to Murray, on
en made.

nse is unsatisfactory, and is, in my
ws, ch. 93A.

pon you for the return to Murray of the
ırray for all losses suffered to date by
ourchase price was $236,775.00 plus the
east $12,000.00. Murray's out-of-
ectly attributable to the failure of the
Murray has suffered additional losses
ice and condition of the paver.

IRCO CONFIDENTIAL 0033



Ingersoll-Rand | 200 Chestnut Ridge Road
| Woodcliff Lake, NJ 07677-8738

October 21, 2003

Peter F. Davis, Esq.
50 Congress Street, Suite 630
Boston, MA 02109

**Re: Murray Paving & Reclamation, Inc.**

Dear Mr. Davis:

Ingersoll-Rand Company ("IR") is in receipt of your October 10, 2003 letter.

At the outset, please note that your October 10 letter fails to meet the requirements of a "written demand for relief" pursuant to Section 9(3) of Mass. Gen Laws, ch. 93A as it does not "reasonably describe [] the unfair or deceptive act or practice relied upon."

In any event, as already set forth in my October 3 letter to you, we consider your client's claim to be meritless. IR has honored, and will continue to honor, its warranty obligations. Indeed, IR has gone above and beyond these obligations by offering to rebuild a unit for your client, which your client has rejected.

Furthermore, as noted in my October 3 letter, Section 9 of the governing contract unambiguously limits the amount and categories of damages for which IR is liable. For example, Section 9 limits IR's liability to the purchase price and expressly excludes liability for any consequential, incidental, indirect, special or punitive damages. I urge you review these contractual provisions, as IR will consider any claim which asserts such damages to be frivolous.

However, IR would like to maintain a good relationship with your client, and rest assured that IR will continue to honor its warranty obligations.

Very truly yours,

John D. Soriano
Assistant General Counsel
Litigation

JDS:cs

cc: Mr. Andrew Andre
    Jim Chamberlain, Esq.

IRCO CONFIDENTIAL 0034