UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MURRAY PAVING & RECLAMATION, INC.,

        Plaintiff,

        v.

INGERSOLL-RAND EQUIPMENT & SERVICES
COMPANY and INGERSOLL-RAND COMPANY,

        Defendants.

CIVIL ACTION No. 04-10328 GAO

**INGERSOLL-RAND'S REPLY TO MURRAY'S OPPOSITION
TO INGERSOLL-RAND'S MOTION FOR SUMMARY JUDGMENT**

      In its Opposition to Ingersoll-Rand's Motion for Summary Judgment, Murray does not even address the case law and statutes establishing that the remedies it seeks are barred by the terms of the paver's warranties under the New Jersey Uniform Commercial Code. Instead, Murray's Opposition hinges on its assertion that there are disputed issues of fact in this case. The facts presented by Murray, however, either are not disputed or not material to the single question before this court: Is the relief sought by Murray—(i) a full refund of the purchase price minus the subsequent sales price, and (ii) consequential damages—barred by the paver's warranties and the New Jersey UCC? The answer is, yes, the relief sought is barred by the black-letter law and the express terms of the paver's warranties. Moreover, Murray's assertion that it needs discovery, in addition to documents that were already produced by Ingersoll-Rand, amounts to nothing more than unwarranted fishing expedition for facts that have no bearing on the issues before the Court. Accordingly, judgment should enter in favor of Ingersoll-Rand on each of Murray's claims.

FHBOSTON/1151803.3

A.   Murray's Factual "Dispute" is Neither Genuine Nor Material

The only factual "dispute" Murray identifies in its Opposition concerns whether Ingersoll-Rand offered to replace the paver. Opposition, pg. 3. The affidavit on which Murray relies, however, simply does not establish that a dispute exists, as Mr. Johnson concedes that an employee of Ingersoll-Rand offered to replace the paver. Johnson Aff., ¶ 12. Mr. Johnson simply chose not to believe him. Id.

In any event, the "dispute" about whether Ingersoll-Rand offered to replace the paver is immaterial. This fact was offered by Ingersoll-Rand for the sole purpose of showing that its conduct does not rise to the level of a ch. 93A violation. It therefore has no bearing on Murray's remaining claims for refund of the purchase price and/or consequential damages.

Moreover, even if Ingersoll-Rand never offered to replace the paver, Murray's ch. 93A claim is still barred by the limitations of liability in the paver's warranties. Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 377-78 (1990) (contract provisions limiting consequential damages bar claims under ch. 93A which are duplicative of breach of warranty claim). Indeed, any question as to whether Ingersoll-Rand's conduct violated ch. 93A is put to rest by Mr. Johnson's own affidavit, in which he concedes that Ingersoll-Rand "cooperated in working out the various problems, and taking whatever steps were necessary to restore the paver to full use," and that "they were doing the best they could to take care of the paver…" Johnson Aff., ¶ 6, 16. At no point does Murray assert that Ingersoll-Rand ever refused to fix the paver. Accordingly, Ingersoll-Rand's conduct does not approach the realm of a ch. 93A violation.

B.   Murray's Opposition Relies on Immaterial Facts

Murray's Opposition and the Johnson Affidavit claim that the paver was never fully repaired, supposedly creating a disputed issue of fact. Opposition, pg. 3-4; Johnson Aff., ¶ 15. In Murray's own words, however, "it may be oversimplification to assert that this affidavit

clearly discloses the existence of disputed facts, which would require a denial of the summary judgment motion…" Opposition, pg. 2.

The entire point of Ingersoll-Rand's Motion for Summary Judgment is that this Court need not address whether the paver was broken or required repairs. So long as Ingersoll-Rand was willing to make repairs pursuant to the warranties (which it did), then Ingersoll-Rand adhered to the terms of the warranties, which expressly limit Murray's remedy to repairs, and nothing else. This is not a situation in which the manufacturer refused to make repairs or disclaimed warranty coverage. Murray was not left without a remedy, but rather it seeks relief to which it is not entitled under the express terms of the paver's warranties and the New Jersey UCC.[1]

C.   <u>Murray's Argument that it Needs Discovery to Prove its Claims is Nothing More than a Unwarranted Fishing Expedition that Does Not Preclude the Entry of Summary Judgment</u>

Murray makes a last-ditch effort to stave off summary judgment by pleading with the Court to allow it to conduct additional discovery about the paver's condition. Here, the parties have already exchanged documents, so the bulk of discovery has already been completed. There is simply nothing more to discover regarding the problems with the paver, which are immaterial in any event when the relief sought by Murray is evaluated in light of the paver's warranties and the New Jersey UCC.

The only other "facts" which Murray says it needs to explore—again concerning the paver's condition—relate to Murray's suggestion that Ingersoll-Rand workers sabotaged the

---

[1] Again, Murray's claim concerning the "utter failure of Ingersoll to sell and deliver to Murray an operable paver" (Opposition pg. 2) is belied by the fact that Murray was able to sell the used paver in 2004 for $200,000, when the new paver, including all taxes, training and extended warranties, cost less than $250,000 in 2003. Even assuming that Murray's uncorroborated figures are correct, i.e., the used paver should have been worth $235,000 (Johnson Aff., ¶ 17), a mere 15% diminution in value after one year might support an argument that the paver was in need of some additional repair work, but it certainly does not support Murray's claim that the paver was fundamentally defective.

paver because of union disputes, which would supposedly support a claim of fraudulent inducement to contract. Opposition, pg. 2. Murray has not, however, made any such claim in this case, presumably because opposing counsel cannot satisfy his Rule 11 obligations. In effect, Murray asks that it be allowed to pursue discovery regarding a conspiracy to sell defective products to support a claim that it has not even made. "'If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of certain information and other evidence, every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's file.'" See Mowbray v. Waste Management Holdings, Inc., 45 F.Supp.2d 132, 143 (D.Mass. 1999) (*quoting* Vivid Techs., Inc. v. Am. Science & Eng'g, Inc., 997 F.Supp. 104, 107 (D.Mass. 1998)).

In Mowbray v. Waste Management Holdings, Inc., the opposing party argued that summary judgment was not appropriate because it required discovery "to develop a more complete record concerning the activities conducted by [the moving party]." Id. at 142-43. Even though "discovery regarding certain factual issues has not been conducted, and the facts sought to be discovered are under the control of [the moving party]", the Court granted summary judgment, reasoning that the opposing party's "hope" or "hunch" that unspecified facts might be found does not defeat a Rule 56 motion. Id. "Allowing a continuance in such a case would undermine the entire summary judgment procedure…" Id. at 143. Like the opposing party's argument in Mowbray, Murray's assertion that "the normal discovery process could well lead to the development of facts that would indeed support claims determinative of such issues"—Opposition, pg. 2—is not an obstacle to summary judgment.

## CONCLUSION

For the foregoing reasons, Ingersoll-Rand's Motion for Summary Judgment should be granted and Murray's Complaint should be dismissed, with prejudice, in its entirety.

                                            Respectfully submitted,

                                            INGERSOLL-RAND COMPANY,

                                            By its attorneys,

/s/ *Carter D. Morse, Jr.*
Jeffrey S. Follett (BBO No. 564337)
Carter D. Morse, Jr. (BBO No. 636645)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

Date: January 11, 2005

## Certificate of Service

I certify that on January 11, 2005, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by HAND DELIVERY to its counsel of record: Peter F. Davis, 15 Broad Street, Suite 512, Boston, Massachusetts 02109.

/s/ *Carter D. Morse, Jr.*
Carter D. Morse, Jr.